IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Arvizo,  ) | No. CV-23-00061-PHX-SPL (JFM) |
|                     ) | |
| Plaintiff,  ) | |
|                     ) | **ORDER** |
| vs.             ) | |
|                     ) | |
| Adam Young, et al.,  ) | |
|                     ) | |
| Defendants.  ) | |
|                     ) | |

Plaintiff Larry Arvizo filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 9). An Application for Default against Defendant Tarique Coleman (Doc. 29) was granted on January 23, 2025 (Doc. 30). Plaintiff has filed a Motion for Default Judgment (Doc. 31), and Defendant Coleman has filed a Motion to Set Aside (Doc. 32). The Honorable James F. Metcalf, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 33), recommending the Court set aside the entry of default.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations

in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–19 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–622 (9th Cir. 2000).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will thus adopt the R&R in full. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED** that Magistrate Judge James F. Metcalf's Report and Recommendation (Doc. 33) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that the Motion to Set Aside (Doc. 32) is **granted** and the Entry of Default against Defendant Coleman (Doc. 30) is **set aside**.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment (Doc. 31) is **denied**.

///

///

///

1 **IT IS FURTHER ORDERED** that Defendant Coleman shall have **seven (7) days** from the date of this Order to file an answer or otherwise respond to the First Amended Complaint.

Dated this 1st day of April, 2025.

Honorable Steven P. Logan
United States District Judge